957 So.2d 74 (2007)
Leonidas PAHIAKOS, Appellant,
v.
Douglas F. MARTIN, Appellee.
No. 4D06-1543.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
*75 Carl F. Schoeppl of Schoeppl & Burke, P.A., Boca Raton, for appellant.
David K. Friedman of Weiss Handler Angelos & Cornwell, P.A., Boca Raton, for appellee.
Peggy A. McGovern and Randy R. Dow of Page Mrachek Fitzgerald & Rose, P.A., West Palm Beach, for Amicus Curiae Micro Surgery, Inc.
FARMER, J.
A judgment creditor made a loan to appellee and his related corporations, evidenced by a promissory note. When debtors defaulted, the creditor sued them on the instrument in the Circuit Court in Broward County and, after entry of a default, obtained a default final judgment. The judgment creditor then levied execution against certain household goods, furnishings and other personal property of debtor Martin. Before the Sheriff could sell the seized property at a Sheriff's sale, all defendants filed a motion to quash service of process and for relief from the default.
While these motions were pending, defendant Martin filed for relief under chapter 11 of the Bankruptcy Code. See 11 U.S.C. § 301 (2005). The filing effected an automatic stay of any sale of the goods seized by the levy and all state court proceedings. 11 U.S.C. § 362(a)(1), (2) (2005) (petition under § 301 operates as a stay against the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under title 11, U.S.C.). The seized property was then stored by the Sheriff. The judgment creditor filed a proof of claim for $835,882 in the bankruptcy case based on the state court judgment. Several months after filing, the chapter 11 case was converted to a case under chapter 7 (liquidation), and a trustee was appointed. The trustee was then substituted for defendant Martin in the state court proceedings as the real party in interest.
Ultimately the bankruptcy trustee and the creditor reached a settlement agreement as to the claim and the property seized under the levy in the state court proceedings. Their agreement expressly provides that the defenses of defendant Martin to the state court action on the promissory note are "property of the bankruptcy estate by virtue of 11 U.S.C. § 541(a)(1)." Their agreement stipulates that upon approval by the Bankruptcy Court, the trustee would withdraw the motions for relief from the default and to quash service of process "with prejudice"; the seized property would then be sold at a Sheriff's sale; and the net proceeds (after payment of the Sheriff's costs) would be divided equally between the trustee and the judgment creditor. The amount received by the creditor would be applied toward satisfying and, in turn reducing his bankruptcy claim. The trustee stipulated that as reduced by any sale proceeds the claim would be allowed as an unsecured claim for the net amount. This agreement was formally approved by the Bankruptcy Court. The trustee then filed a notice in *76 the state court withdrawing the motions with prejudice.
Later, the judgment apparently not being fully satisfied, Martin filed a motion in the state court for relief from the judgment, arguing that process was not properly served on him and that the resulting judgment was therefore void. The state court judge held a trial on the motion, taking testimony from several witnesses, including the process server. The court held that service was invalid and granted relief from the judgment. We reverse.
It is clear from the above recitation of the background facts that the defense of invalid service was competently waived in the bankruptcy stipulation, which was approved by that court. When Martin submitted himself to the jurisdiction of the Bankruptcy Court, the defenses he had available to the final judgment became part of his bankruptcy estate. See 11 U.S.C. § 541(a)(1) (2005). With the Bankruptcy Judge's approval, his Trustee had the authority to waive the defense of service of process in the agreement. See 11 U.S.C. § 554(a) (2005) (after notice and hearing, the trustee may abandon any property of the estate that is of inconsequential value and benefit to the estate). When the trustee filed the notice of the waiver of the defenses in the state court, the objection to service of process was waived and forever eliminated. The words "with prejudice" in the agreement mean that the waiver did not allow defendant Martin to resurrect the defense of insufficiency of service of process.
Reversed with instructions to reinstate final judgment.
STONE and MAY, JJ., concur.